**Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000691
08-DEC-2016
10:06 AM**

NO. CAAP-15-0000691

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
KEVIN N. NAKAYAMA, also known as
Jason Tanaka, Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 13-1-0381)


SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, and Fujise and Reifurth, JJ.)

Defendant-Appellant Kevin N. Nakayama, also known as Jason Tanaka, appeals from the September 2, 2015 Judgment of Conviction and Sentence entered by the Circuit Court of the First Circuit ("Circuit Court").[1]  Nakayama was convicted by a jury of Burglary in the Second Degree, in violation of Hawaii Revised Statutes ("HRS") section 708-811 (1993).[2]  Nakayama challenges his conviction.

On appeal, Nakayama contends that there was insufficient evidence to find him guilty of burglary in the

---

[1]     The Honorable Glenn J. Kim presided.

[2]     HRS section 708-811 provides:

   (1)   A person commits the offense of burglary in the second
         degree if the person intentionally enters or remains
         unlawfully in a building with intent to commit therein
         a crime against a person or against property rights.

   (2)   Burglary in the second degree is a class C felony.

Haw. Rev. Stat. § 708-811.

second degree because the State failed to present substantial evidence that Nakayama was the individual who unlawfully entered the JTB Ala Moana 'Oli'Oli Station ("'Oli'Oli Station").

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments they advance, the issues they raise, and the relevant statutory and case law, we resolve Nakayama's point of error as follows, and affirm.

The Hawai'i Supreme Court has held that substantial evidence is "credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion." State v. Xiao, 123 Hawai'i 251, 257, 231 P.3d 968, 974 (2010) (quoting State v. Fields, 115 Hawai'i 503, 512, 168 P.3d 955, 964 (2007)) (internal quotation marks omitted).

Here, there is substantial evidence to support the conclusion of the trier of fact. The jury was presented with a surveillance video capturing a male, later identified as Nakayama, on March 12, 2013 in 'Oli'Oli Station after business hours. At the close of business on March 12, 2013, 'Oli'Oli Station was locked and secured. After viewing video surveillance from the night 'Oli'Oli Station was burglarized, Yoko Odo, the general manager of the wedding business division of JTB Hawai'i Travel, LLC, located at 'Oli'Oli Station, recognized Nakayama as the man she saw a few days prior at the site, on March 8, 2013, and encouraged Angel Allas, then the corporate property manager for JTB Hawai'i, Inc., and a Honolulu Police Department officer to watch the March 8, 2013 surveillance video.

Nakayama argues that Odo's written statement shows that she was unsure of her identification of Nakayama as the same person that she saw on March 8th and that she observed on the March 12th surveillance video. Nakayama points to Odo's written statement where she states that Nakayama "might" be the same person in the video, however, Odo later clarified that she used the word "might" in her written statement because:

> That was the first time I wrote a statement like those burglary case, then maybe I - I didn't know what kind of language or explanation is appropriate for the - as a statement. But I was -- I recognize[d] his face so I was so

> sure about he was the same guy.  But my statement was maybe
> not -- was not explained enough."

Odo also identified Nakayama in a photographic lineup on March 14, 2013.  In addition to Odo's testimony, the jury also watched the surveillance video, and concluded that Nakayama was in fact the individual in the video.  *State v. Sprattling*, 99 Hawai'i 312, 317, 55 P.3d 276, 281 (2002) (quoting *State v. Sua*, 92 Hawai'i 61, 69, 987 P.2d 959, 967 (1999)) ("[I]t is well-settled that an appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of the evidence; this is the province of the [trier of fact].").  Accordingly, the evidence adduced at trial in this case, including witness testimony and video footage, was sufficient to enable a person of reasonable caution to conclude that Nakayama was the person who unlawfully entered 'Oli'Oli Station on March 12, 2013.  *See Xiao*, 123 Hawai'i at 257, 231 P.3d at 974 (quoting *Fields*, 115 Hawai'i at 512, 168 P.3d at 964).

Therefore, the Judgment of Conviction and Sentence entered by the Circuit Court of the First Circuit on September 2, 2015, is affirmed.

DATED:  Honolulu, Hawai'i, December 8, 2016.


On the briefs:

Walter J. Rodby
for Defendant-Appellant.

Loren J. Thomas,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge